IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| MARTHALENE SCHEIVERT | *  Chapter 7 |
| Debtor | * |
| | *  Case No.: 1-04-bk-07477 |
| UNITED STATES TRUSTEE | * |
| Movant | * |
| | * |
| v. | * |
| | * |
| MARTHALENE SCHEIVERT | * |
| Defendant | * |

## OPINION

This matter is before the Court on the Motion of Marthalene Scheivert ("Debtor") to open the Order entered March 2, 2005, ("March 2 Order") dismissing the case and imposing sanctions under Rule 9011, Federal Rules of Bankruptcy Procedure, upon Debtor's counsel. Debtor further requests a hearing and moves the court to impose sanctions on the United States Trustee. The March 2 Order directed Debtor's counsel, Robert White ("Counsel") to disgorge fees paid and return them to Debtor.[1]

### Background

Debtor filed a petition under Chapter 7 on December 16, 2004. Debtor's handwritten petition was prepared by Counsel. Along with the petition and schedules, Counsel filed a Rule 2016(b) Statement disclosing that Debtor had agreed to pay him $341.00 for services rendered or to be rendered in connection with the case. Neither the petition nor any of the schedules, statements or lists filed by Counsel were signed by Debtor.

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

The schedules prepared and filed by Counsel set forth a modest list of possessions, including a mobile home, a 1995 Grand Caravan, clothing, life insurance, and furniture, all of which were claimed as exempt. The only secured claim listed was a loan from People's Bank in an amount of $3400.00 secured by Debtor's mobile home. The remaining claims were for general unsecured debt in an amount of $12, 306.35.[2]

Debtor filed her petition under the name Marthalene Scheivert and did not report any prior bankruptcy filings. Four days after the petition was filed, an amendment was filed which disclosed that Debtor filed a prior petition to No. 1-02-06076-JJT and received a discharge on February 20, 2003. The amendment did not disclose that the prior bankruptcy was filed under the name of "Marcie Scheivert."

On January 10, 2005, the United States Trustee filed a Motion to impose sanctions under Rule 9011 of the Federal Rules of Bankruptcy Procedure. The Motion requested the Court to dismiss the petition with a two-year bar to refiling and to impose monetary sanctions against Debtor and Counsel in an amount of $500. The basis for the request for sanctions was the failure to disclose the prior filing when the petition was originally filed, the failure to disclose other names used by Debtor during the six years prior to filing, and the failure of Debtor to sign documents that were subject to verification by Debtor. The United States Trustee noted that Debtor was not entitled to obtain a discharge under Chapter 7 because she had received a discharge on February 23, 2003, and was well within the six-year bar imposed by 11 U.S.C. § 727(a)(8). The United States Trustee concluded, therefore, that the petition was filed for an

---

[2]These amounts were determined by totaling the individual debts listed on Schedule E. The schedules filed by Counsel did not include totals, and the information on the total unsecured debt listed on the summary of the schedules appears to be a rounded amount.

improper purpose. The United States Trustee also based her request for the imposition of sanctions on unspecified "numerous patent errors" in the petition, schedules, and statement of financial affairs.

Counsel filed a Response to the United States Trustee's Motion in which he admitted that he knew of the prior case and Debtor's discharge when he filed the instant petition. It is unclear why he did not include the information on the petition, but he did admit that he did not identify the prior case under the name "Marcie Scheivert." In his Response, Counsel stated that he was aware at the time the petition was filed that Debtor could not obtain a discharge, but asserted that "there is no prohibition on filing additional bankruptcy petitions in the interim to take advantage of the automatic stay." Counsel further argued that his client should not be sanctioned because she relied on his advice in filing the case, and "it is apparent to me from many phone calls that she does not understand a word of my advice." Counsel further advised that Debtor was being "hard pressed" by creditors seeking to collect bills that she could not pay and needed relief by filing bankruptcy in order to take advantage of the stay. Counsel candidly offered that he anticipated filing additional cases in the future, presumably so that Debtor could again invoke the automatic stay after the instant case is closed by the Court. Counsel stated that he did not oppose dismissal of Debtor's case, but he objected to the imposition of sanctions.

At the hearing on the United States Trustee's Motion, the Court determined that the case should be dismissed and that Counsel should be sanctioned for filing the petition for the sole purpose of invoking the automatic stay. The Court directed Counsel to return any fees paid to Debtor, finding that Counsel had not rendered any services that benefitted his client. In response to the Court's Order, Counsel filed a "Motion to Open Order Dismissing Case and Imposing

3

Sanctions based on after discovered evidence And Request for Hearing And Motion for Sanctions against the US Trustee" ("Motion to Open"). In the Motion to Open, Counsel states that his client does not want him to return the attorneys fees to her and wishes to continue to retain him to represent her in future collection matters. Counsel suggests that the Court's Order requiring him to return his fees to his client was "improvident" and "interferes" with his relationship with his client. Counsel argues that Debtor is satisfied with his services and reiterates the position he argued at the hearing that it is permissible to file a Chapter 7 petition in order to obtain "temporary relief" from collection activity. He further asks the Court to sanction the United States Trustee under Rule 9011 for filing the Motion to Dismiss.

<u>Discussion</u>

The actions of Counsel in the within case demonstrate that he understands neither his responsibilities to his client nor his duties as an officer of the Court. Rule 9011 requires an attorney representing a debtor to sign the bankruptcy petition. The attorney's signature is a certification that "to the best of that person's knowledge, information and belief, formed after a reasonable inquiry under the circumstances, – (1) [the document] is not being presented for any improper purpose, *such as to harass or to cause unnecessary delay or needless increase in the cost of litigation*; (2) the claims, defenses, and other legal contentions therein are warranted by existing law, or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) the allegations and other factual contentions have evidentiary support . . . ." Rule 9011(b)(emphasis added) The test under Rule 11 "is . . . an objective one of reasonableness." *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 157 (3d Cir.1986) (quoting *Eavenson, Auchmuty & Greenwald v. Holtzman,* 775 F.2d 535, 540 (3d

4

Cir.1985)). "Rule 11 . . . imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith." *Chambers v.NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 2134 (citing *Business Guides, Inc. v. Chromatic Communications Enters., Inc.,* 498 U.S. 533, 111 S.Ct. 922, 932, 112 L.Ed.2d 1140 (1991)). Therefore, the issue before the Court on the United States Trustee's Motion was whether by signing and filing the petition, schedules and statements in this case, Counsel made representations to the Court that: (1) were presented for an improper purpose; (2) were not warranted by existing law, or by a nonfrivolous argument for the modification of existing law; or (3) were not supported by the evidence. For the reasons set forth below, the Court finds that the imposition of sanctions in the March 2 Order was warranted.

   a.  *Filing documents without Debtor's signature*.

  Rule 1008 mandates that " all petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746." Rule 1008. Debtors must verify these documents because they supply the information included in these forms. *See In re Wenk*, 296 B.R. 719 (Bankr. E.D. Va. 2002)("Logic dictates that only the debtor can state under oath that the information provided in his or her petition is true and correct.") In fact, Rule 9011(a) excepts attorneys from the duty to sign lists, schedules and statements, and the official forms for these documents explicitly require the debtor's signature. A debtor must read the information on the petition and on each page of each schedule, statement and list. This is true even if the case is initiated as an emergency filing. There are virtually no circumstances under which an attorney may file a petition without a debtor's signature. *See Wenk,* 296 B.R. at 726. If a petition is filed without the debtor's signature, it should be stricken

5

Case 1:04-bk-07477-MDF   Doc 17   Filed 06/24/05   Entered 06/27/05 08:23:25   Desc Main Document   Page 5 of 13

unless the omission is corrected promptly after the party or the party's attorney is notified of the deficiency. Rule 9011(a).

But a debtor's signature on a petition serves not only as a verification of the information in the document; it also is a debtor's consent to the bankruptcy filing and an explicit request to the Court for relief. *Wenk,* 296 B.R. at 726. ("Bankruptcy is a very personal action which should only be undertaken by the individual.") Although no issue was raised about whether Debtor authorized Counsel to file the schedules and statements, Counsel may not immunize his actions by asserting that he filed the petition at the Debtor's behest. "The issue is not whether the debtor authorized the filing of a petition, but whether she signed the petition that was filed." *In re Phillips*, 317 B.R. 518, 523 (8th Cir. BAP 2004).

Filing a petition without a debtor's signature and filing unsigned schedules, statements and lists clearly is improper. Filing a petition without a signature violates Rule 9011 because Counsel could not have believed that filing the unsigned petition was proper or warranted under existing law or a good faith argument to extend the law. Without verification, the information submitted in the documents filed with Debtor's petition had no evidentiary support, which violated Rule 9011(b)(3).

  b. *Deficient documents*

Many of the omissions in the schedules and statements may be attributed to the failure of Counsel to have his client review and sign the documents before they were filed. The first significant omission is the failure to disclose Debtor's prior bankruptcy filed under the name "Marcie Scheivert." In addition, the schedules are deficient and include scant detail on Debtor's assets and liabilities. For example, Schedule B describes Debtor's household goods and

6

furnishings as "K, LR, 2BR." This information does not qualify as a description of Debtor's property and simply suggests the size of her residence. The item entitled "automobiles, trucks, trailers, and other vehicles and accessories" on Schedule B lists a "95 Gran [sic] Caravan," and "mobile home." No information on the mobile home is provided other than its value of $9,000.[3] The statement of intention is completely blank and, like the other forms, is unsigned. The statement of financial affairs is inaccurate and incomplete. Debtor is required to provide on this form the gross amount of income received from employment or the operation of a business for the current year and the two years immediately preceding the filing. Debtor's statement lists $4,000 in income from employment, but the year in which this income was earned and the source is not disclosed. A debtor is required to list all payments made on loans, installment purchases aggregating more than $600 to any creditor within 90 days prior to filing. On Debtor's statement "none" is checked, but a perplexing entry of "mobile home" is also included. Debtor's affairs do not appear to be complex and adequate information easily could have been disclosed, but the information in the statement obfuscates Debtor's financial condition rather than illuminating it.

    *c.*      *Filing petition for sole purpose of invoking the automatic stay*

Section 362 of the Bankruptcy Code stays all collection activities against a debtor that are not specifically excepted under subsection (b). "The invocation of the automatic stay is perhaps one of the most powerful safeguards in all the law. With the filing of a single piece of

---

[3]No specific information is provided in the schedules to explain where Debtor's mobile home is located. While Debtor's Schedule A discloses no interest in real estate, no lot lease is described on Schedule G. Two entries are included on Debtor's statement of expenses under the item "rent or home mortgage payment (include lot rented for mobile home)." Therefore, the Court assumes that one entry is for the payment of the loan secured by the mobile home and the other payment is for the lot rent.

7

paper, the law imposes a broad sweeping and powerful injunction which carries with it great implications and provides for sanctions for its violation." *In re Smith*, 257 B.R. 344, 351. (Bankr. N.D. Ala 2001).

At the hearing and in his pleadings, Counsel steadfastly asserts that it is entirely appropriate for a debtor to file multiple Chapter 7 petitions for the sole purpose of invoking the automatic stay. Counsel admits that when he filed the instant petition he knew that Debtor was not eligible for a Chapter 7 discharge, but he filed the petition because Debtor had incurred numerous medical bills since her discharge that she was unable to pay. Defending the propriety of his actions, Counsel argues that Debtor's satisfaction that her creditors ceased dunning her justifies the filing of a Chapter 7 petition before she is eligible to obtain a discharge. I disagree with Counsel and find that Debtor's satisfaction with Counsel's actions is irrelevant to the issue of whether the action was appropriate.

The automatic stay is not an end in itself. It is a means to protect a debtor's estate before a trustee has had an opportunity to liquidate a debtor's assets, or the debtor has had an opportunity to reorganize. *See Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) (purpose of automatic stay is to prevent creditors from gaining an advantage, to forestall depletion of assets and to avoid interference with liquidation or rehabilitation of debtor.) *See also In re Nelson*, 994 F.2d 42 (1st Cir. 1993)(function of automatic stay is to protect bankrupt's estate from being eroded by creditor lawsuits and property seizures before the trustee has had an opportunity to marshal assets and distribute them equitably); *In re Pettit*, 217 F.3d 1072 (9th Cir 2000) (Automatic stay is designed to give bankruptcy court an

8

opportunity to harmonize interests of debtor and creditors, while preserving debtor's assets for repayment and reorganization of his obligations.)

In the within case, Counsel filed the petition for no other purpose than to prevent creditors from pursuing collection activities, including litigation in state court. Other courts have found that filing a bankruptcy petition as a litigation tactic is improper. The bankruptcy court in *In re Robinson*, 198 B.R. 1017 (Bankr. N.D. Ga. 1996) contrasted legitimate invocation of the automatic stay with abusive use of this injunctive power:

> Filing even a skeletal petition secures the protection of the automatic stay of 11 U.S.C. §326(a) for both the honest and the abusive debtor. The automatic stay serves to protect the honest debtor in desperate financial circumstances from creditor action and to provide a much-needed "breathing spell" *to marshal resources and prepare to deal with creditors in a fair and orderly manner.* The abusive debtor also obtains protection of the automatic stay but employs it *to delay or thwart creditor action* while refusing to fulfill the duties imposed by the Bankruptcy Code. The uses of the automatic stay as both a shield and a weapon are well-known to debtors' attorneys and to some debtors. . . .Using the automatic stay and the filing of the petition as a shield to buy time to negotiate a loan refinancing abuses the bankruptcy system. The harm which devolves is not limited to the affected creditor. By example and word of mouth, the "technique" spreads until it is no longer perceived by the Bar or by debtors as an abuse but as a permissible manipulation of the system.

*Id.* at 1024 (emphasis added). Filing a bankruptcy petition solely to delay a creditor from enforcing its rights in another court is an abusive tactic and may subject an attorney to imposition of sanctions under Rule 11 and under Section 105(a) of the Bankruptcy Code. *See In re Smith*, 257 B.R. 344.

In the Motion to Open, Counsel cited three cases in support of his position that the filing of successive Chapter 7 petitions to invoke the stay is permissible under the Bankruptcy Code. None of these cases is directly on point.

In *In re Nickerson*, 40 B.R. 693 (Bankr. N.D. Tex. 1984), the debtor filed a Chapter 11

9

petition within six years of obtaining a discharge under Chapter 7. The bankruptcy court held that although a discharge could not be granted in the Chapter 11 case because the debtors had received a discharge within six years under Chapter 7, they were not precluded from filing a Chapter 11 petition. The court arrived at this conclusion with scant analysis and no factual findings as to the debtor's purpose for the second filing. The court agreed with the creditor's assertion that the debtors would be unable to receive a discharge, but held that "the fact that a discharge has been granted in an earlier case does not preclude a debtor from again becoming a debtor within six years of commencement of the prior case." *Nickerson*, 40 B.R. at 695.

Counsel asserts that *Nickerson* supports his position, but his reading of the opinion is off the mark. *Nickerson* involved the filing of a Chapter 11 case within six years of a discharge under Chapter 7, not the filing of a second Chapter 7 case. The court was incorrect in its broad holding that, under any scenario, the debtors would be barred from obtaining a discharge under Chapter 11. The debtors would not be barred from obtaining a discharge unless the court found that the debtors intended to liquidate in Chapter 11. A debtor may be discharged in a Chapter 11 case, even if he has obtained a discharge under a case commenced under Chapter 7 within six years prior to the Chapter 11 filing, if the confirmed plan does not provide for the liquidation of all, or of substantially all, of the property of the estate. 11 U.S.C. § 1141(d)(2). Therefore, in *Nickerson* the debtors theoretically could have proposed a plan that would have permitted the entry of a discharge, or they otherwise could have employed the Chapter 11 process to restructure their affairs. *Nickerson* does not support Counsel's position that a case may be filed for the sole purpose of invoking the protections provided by the automatic stay.

Counsel also cites *In re Underwood*, 7 B.R. 936 (Bankr. S.D. Va. 1981) and *In re Baker*,

10

736 F.2d 481 (8th Cir. 1984) in support of the proposition that a debtor may file a second Chapter 7 petition within six years of obtaining a discharge under Chapter 7. Neither case supports Counsel's argument and both include dicta that supports the opposite position. In *Underwood*, the debtors sought to voluntarily dismiss their Chapter 7 petition in order to file a new Chapter 7 case that would include debt incurred since the filing of the first petition. The court denied the motion based upon the lack of notice provided to postpetition creditors and found that the expanded discharge sought by the debtors would violate the Code. The *Underwood* court noted that the debtors could file a Chapter 13 petition notwithstanding the entry of a Chapter 7 discharge within the prior six years. The court further observed that:

> The filing of a bankruptcy petition substantially affects the legal rights of the parties and effects significant results which should not be undermined by an on again off again option for the debtor. The debtor and his counsel must decide whether it is advantageous to seek bankruptcy relief. They must decide what form of relief should be sought and, equally important, when to file for relief. At the time and in the fashion the debtor chooses, one of the most pervasive injunctions known to the law is entered; . . . [The] impact on creditors is significant and should not be expanded through prerogatives which the law does not clearly give a debtor.

*Id.* at 938.

In *Baker*, the Eighth Circuit held that, in the absence of any indication that a Chapter 13 case was a "disguised liquidation plan," summary dismissal of the case due to debtor's discharge within six years was in error. *In re Baker*, 736 F.2d at 482. The appellate court further noted that "though the Bankruptcy Reform Act bars *Chapter 7* relief within six years after a discharge under Chapters 7, 11, or, in some circumstances, 13, it contains no comparable bar to *Chapter 13* relief within six years after a previous discharge under either Chapter 7 or 13. See 11 U.S.C. §§ 727(a)(8) and (9) and 103(b). *Id.* Neither of these cases stand for the proposition that a debtor

11

may serially file Chapter 7 petitions for the sole purpose of obtaining the protection of the automatic stay.

    *d.    Imposition of sanctions*

In light of the forgoing, I will reconsider whether the provision of the March 2 Order requiring Counsel to disgorge his attorneys fees and return them to Debtor was an appropriate sanction. An attorney is subject to sanctions by signing, filing, submitting, or advocating a petition that is presented for an improper purpose. Rule 9011(b)(1). The petition in this case was filed for the improper purpose of defeating the legitimate rights of creditors to collect their claims when Debtor was not entitled to receive a discharge. Further, Counsel filed the petition, schedules, statements and lists without Debtor's signature in violation of Rule 1008. The unsigned schedules and statements were inadequate and incomplete, which further supports the Court's conclusion that the sole purpose of the filing was to hold Debtor's creditors at bay.

By signing the petition and presenting it, along with the schedules and statements to the Court, counsel was certifying that the facts within the document were supported by the evidence and were submitted for a legitimate purpose. I find this certification to be false. Under these circumstances, the imposition of sanctions in the amount of $341.00 was appropriate under Rule 9011. Disgorgement of fees received in a case is intended to serve as a deterrent to Counsel and other attorneys appearing before this Court from engaging in similar conduct in the future.[4] I affirm my prior determination that sanctions are appropriate and that the amount of the funds required to be disgorged is reasonable.

---

[4]The Court further notes that it may impose sanctions on Counsel under 11 U.S.C. § 105(a), which states that a court may issue any order necessary or appropriate to prevent an abuse of process.

According to the averments set forth in the Motion to Open, Debtor does not want Counsel to return the fees to her. Therefore, to the extent that my prior Order required Counsel to return counsel fees to Debtor, the March 2 Order will be vacated. The monetary sanction previously imposed by the Court in an amount of $341.00 shall be paid to the Office of the United States Trustee. The request for hearing and the imposition of sanctions against the United States Trustee is denied. An appropriate order will be issued.

BY THE COURT,

Mary D. France
Bankruptcy Judge

Date: June 24, 2005

*This electronic order is signed and filed on the same date.*